**Dated: August 12, 2014**
**The following is SO ORDERED:**

_____
**David S. Kennedy**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____


UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

IN RE: RONALD WALKER

    DEBTOR,                                    Case No. 09-33570DSK

                                                                                 Chapter 13

ECAST SETTLEMENT CORPORATION

    CREDITOR,
_____

ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND SURRENDERING PROPERTY TO ECAST SETTLEMENT CORPORATION
_____

    IN THIS CAUSE IT APPEARING to the Court that Ecast Settlement Corporation, sometimes hereinafter referred to as "Creditor" is the holder of lien against the vehicles of the Debtor identified as follows:

    2004 Yamaha YW50S Zuma Scooter/VIN-LPRSA20A74A405194

    2004 Yamaha YW50S Zuma Scooter/VIN-LPRSA20A04A406400

    2000 Yamaha YZFR6M Sport Motorcycle/VIN-JYARJ04E8YA010190;

    IT FURTHER APPEARING TO THE COURT that the Debtor has no equity in the said vehicles and that same are burdensome and of

1

inconsequential value to the Debtor's estate and for good cause shown, the Creditor's motion for relief from the automatic stay should be granted as to the said vehicle.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT AS FOLLOWS:

1. That for good cause shown, the Creditor's motion for relief from the automatic stay is granted pursuant to 11 U.S.C. Section 362 and the automatic stay is lifted and the Creditor is free to initiate such repossession and liquidation proceedings as may be necessary relative to the following vehicles, without further leave or order of this Court:

2004 Yamaha YW50S Zuma Scooter/VIN-LPRSA20A74A405194

2004 Yamaha YW50S Zuma Scooter/VIN-LPRSA20A04A406400

2000 Yamaha YZFR6M Sport Motorcycle/VIN-JYARJ04E8YA010190

2. That the Automatic Stay is lifted and vacated as to the Creditor for the said vehicles since same are not necessary to an effective reorganization of the Debtor's case and plan and are burdensome to the Debtor's estate and any and all interest in the said motor vehicles are deemed surrendered and abandoned by the Debtor and the Creditor is authorized to proceed with remedial action to repossess and liquidate the said vehicles without further leave or order of this Court.

3. That any claim of the Creditor in the Debtor's Chapter 13 plan is deleted and the Trustee shall adjust and/or reduce the Debtor's plan payments accordingly; however, the Creditor shall be allowed to file an amended proof of claim as a general unsecured claim should a deficiency exist after the said motor vehicles have been liquidated to be paid as an unsecured claim by the Chapter 13 Trustee.

Approved for entry:

/s/ Bruce L. Feldbaum
David G. Mangum     #013322
Bruce L. Feldbaum   #010436
Attorneys for eCast Settlement Corp., Creditor
22 N. Front St. #1055
Memphis, TN 38103 (901) 525-5744


/s/ Herbert Hurst                          /s/ Chapter 13 Trustee
Hurst Law Firm                             Chapter 13 Trustee
Attorney for Debtor                            /s/ George W. Stevenson
P.O. Box 41497
Memphis, TN 38174-1497

Service List:
Bruce L. Feldbaum
Debtor's Attorney
Debtor
Chapter 13 Trustee